IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN J. GARCIA, | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. 3:09-CV-2058-N (BF) |
| | § | ECF |
| ABRAHAM INDALECIO TORRES, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. On October 30, 2009, Plaintiff, proceeding *pro se*, filed a Complaint. Plaintiff failed to file a Certificate of Interested Persons, and this Court entered an Order Striking and Unfiling the Complaint on November 2, 2009. To date, Plaintiff has not filed a proper complaint. The complaint that was stricken is an action to recover property. Plaintiff failed to attach a copy of the alleged security agreement sued upon and failed to identify the property sought to be recovered, to state whether it is real property or personal property, and to state where it is located. This Court does not now have, and may not have even if a new complaint is filed, *in rem jurisdiction* over the property sought to be recovered.

Plaintiff lists a California address and an Amarillo address for Defendant. On November 18, 2009, Defendant purportedly filed an Offer to Allow Judgment to be taken. This document was hand delivered to the Clerk of Court by Plaintiff, and on November 18, Plaintiff filed a Notice of Acceptance of Offer to Allow Judgment to be taken. Plaintiff mailed and caused to be filed an "Order/Demand for Entry of Judgment" on December 4, 2009, as well as a duplicate of the document on December 16, 2009. On January 12, 2010, Plaintiff caused to be filed a Motion to

1

Substitute Plaintiff. Since there is no proper complaint pending, this motion is without legal significance.

No proper complaint is pending, and the Court does not have jurisdiction to take any action. This Court gave Plaintiff 20 days from December 7, 2009, to file a proper complaint demonstrating that this Court has jurisdiction and that venue is proper here. Plaintiff failed to cure the deficiencies noted by the Court in its December 7, 2009 Order.

### Discussion

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Further, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

### Recommendation

Plaintiff wholly failed to prosecute this case and comply with court orders. Plaintiff never filed a Complaint that complies with Fed. R. Civ. P. 8(a) nor a properly-signed Certificate of Interested Persons. The District Court should dismiss this case without prejudice for lack of

jurisdiction and pursuant to Fed. R. Civ. P. 41(b) for want of prosecution.

    SO ORDERED, January 19, 2010.

                                                        **PAUL D. STICKNEY**
                                                        **UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).